UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOHN DOE,

    Plaintiff

  v.

TRUSTEES OF DARTMOUTH COLLEGE,

    Defendant

Civil Action No:  1:22-cv-00018-LM

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Local Rule 26.2, the Plaintiff, John Doe, and the Defendant, Trustees of Dartmouth College, move this Court for the entry of a Protective Order.  The Parties request that the Court adopt the proposed form attached hereto as **Exhibit A**, which is a modified version of Civil Form 5.  For the Court's convenience, a "track change" comparison showing the changes the parties have made to Civil Form 5 is attached as **Exhibit B**.  The substantive modifications to Civil Form 5 that the parties propose to make are as follows:

1. Civil Form 5 presumes that only the party producing a document would be interested in designating it as "Confidential."  In this case, both parties have an interest in maintaining the confidentiality of personally identifiable information relating to the Plaintiff John Doe, the student referred to in the Complaint as Sam Smith, and other present or former Dartmouth students.  Accordingly, Section 10 allows a party to challenge the other party's decision not to designate material as Confidential.

2. Sections 1 and 4 provide that documents produced in response to a subpoena also may be designated as Confidential, the same as documents produced in response to a Rule 34 request for production.

3. In Section 7(3), the Parties added that confidential documents may be disclosed to non-party witnesses and potential witnesses if the material directly relates to the non-party, the

1

disclosure is necessary to the conduct of the litigation, and the non-party signs the acknowledgment about maintaining confidentiality.  The Parties have also required that witnesses who do not know Doe's and Smith's identities will be shown documents that redact their names and identifying information.

    4.     In Section 8, the Parties have changed the language so that the duty to confer and file confidential documents under seal attaches to all documents designated as confidential, not just documents designated as confidential by the non-filing party.

    5.     The Parties clarified Section 8 concerning the filing of confidential documents under seal, wherein both the public redacted version and the sealed version are filed provisionally under seal.

    Wherefore, the Parties request the Court adopt the proposed form attached at Exhibit A.

JOHN DOE,                      TRUSTEES OF DARTMOUTH COLLEGE,

| | |
|---|---|
| /s/William E. Christie | /s/Daron L. Janis |
| William E. Christie (N.H. Bar No. 11255) | Daryl J. Lapp (admitted pro hac vice) |
| S. Amy Spencer (N.H. Bar No. 266617) | Elizabeth H. Kelly (admitted pro hac vice) |
| Olivia F. Bensinger (N.H. No. 274145) | Daron L. Janis (N.H. Bar No. 271361) |
| SHAHEEN & GORDON, P.A. | LOCKE LORD LLP |
| 107 Storrs Street, P.O. Box 2703 | 111 Huntington Avenue |
| Concord, NH 03302-2703 | Boston, MA 02199 |
| Telephone: 603-225-7262 | (617) 239-0100 telephone |
| Facsimile: 603-225-5112 | (617) 227-4420 facsimile |
| wchristie@shaheengordon.com | daryl.lapp@lockelord.com |
| saspencer@shaheengordon.com | liz.kelly@lockelord.com |
| acampbell@shaheengordon.com | djanis@lockelord.com |

February 15, 2022

### Certificate of Service

    I certify that on February 15, 2022, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                    /s/ Daron L. Janis
                    Daron L. Janis

104544253v.2