UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| JOHN DOE,<br><br>        Plaintiff<br><br>v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>        Defendant |
|---|

Civil Action No: 1:22-cv-00018-LM

## MEMORANDUM IN SUPPORT OF DARTMOUTH'S ASSENTED-TO MOTION TO SEAL CERTAIN EXHIBITS

### Background

This case involves a private sexual encounter between two Dartmouth students. Following an investigation and hearing, Dartmouth determined that the plaintiff, "John Doe," was responsible for violating its policy against sexual assault, and that the other student, "Sam Smith," did not violate Dartmouth's policy. Doe alleges that the investigation was flawed and biased.

Doe filed this case seeking to proceed under a pseudonym, and using a pseudonym for Smith, who is not a party to this case. Dkt. No. 2. On January 21, 2022, the Court granted Plaintiff's motion to proceed under a pseudonym.

Pursuant to Local Rule 83.12, Dartmouth moves the Court to maintain under seal (Level I), for an indefinite period, certain documents attached to the Declaration of Kristi Clemens, filed in support of Dartmouth's Objection to the Motion for a Preliminary Injunction, in order to protect the identity and privacy interests of Dartmouth students. The documents that Dartmouth seeks to seal include unredacted versions of the investigation reports, Doe's and Smith's responses to the investigation reports and the other party's response thereto, the transcript of the hearing, and Doe's appeal of the finding.

All of these documents contain numerous references to Doe and Smith and other information that likely would lead persons in the Dartmouth community to discover their identities. Therefore, Dartmouth requests that the Court seal these documents and allow Dartmouth to file redacted versions of these documents for the public docket – redacted only with respect to information that might lead to the disclosure of the students named in the documents at issue.

## Argument

The sealing of judicial records may be warranted, as in this case, to protect the identity and privacy of third parties who were not responsible for the initiation of the litigation. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). Indeed, protecting the identity and privacy of third parties is among the "most compelling reasons [that] can justify non-disclosure of judicial records." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d at 476). In addition, students such as Doe and Smith have a compelling privacy interest in their education records. *See United States v. Miami Univ.*, 294 F.3d 797, 818 & n. 24 (6th Cir. 2002) ("[P]rivacy rights are of particular import when recognized and protected by federal statutory provisions like the FERPA [Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g]").

When ruling on a motion to seal, the public's interest is weighed against the countervailing interests of those affected. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). The Court "enjoys considerable leeway in making decisions of this sort." *Id.* In exercising that discretion, extra weight is given to privacy interests of third parties. *In re Boston Herald, Inc.*, 321 F.3d 174, 191 (1st Cir. 2003) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) (affirming the trial court's sound discretion to maintain documents under

seal where the privacy interests outweigh the general public interest in access to judicial records, and noting that courts should give increased weight to the privacy interests of third parties).

Here, the privacy interests of Doe, Smith, and other non-party Dartmouth student witnesses support sealing the aforementioned exhibits. It is undisputed that the information sought to be sealed is highly personal, including private information concerning allegations of sexual assault. *See Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (individuals who accuse others of sexual misconduct have a strong case for anonymity).

Dartmouth also has a strong interest in maintaining these records as private, as revealing them without redacting information to protect the students' identities may have a chilling effect on the willingness of students and other witnesses to participate in Dartmouth's process for resolving sexual and gender-based misconduct in future matters.

There is no legitimate public interest in the student identities. Insofar as the public has an interest in the substantive issues in this case, the parties' filings and the redacted materials that will be filed on the public docket will amply satisfy that interest.

## Conclusion

The Court should allow the motion to seal.

                                                      TRUSTEES OF DARTMOUTH COLLEGE,

                                                      /s/ Daron L. Janis
                                                      Daryl J. Lapp (admitted pro hac vice)
                                                      Elizabeth H. Kelly (admitted pro hac vice)
                                                      Daron L. Janis (N.H. Bar No. 271361)
                                                      LOCKE LORD LLP
                                                      111 Huntington Avenue
                                                      Boston, MA 02199
                                                      (617) 239-0100 telephone
                                                      daryl.lapp@lockelord.com
                                                      liz.kelly@lockelord.com
February 10, 2022                        djanis@lockelord.com

## Certificate of Service

I certify that on February 10, 2022, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date by email.

/s/ Daron L. Janis
Daron L. Janis

103764347v.1