UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>John Doe</u>

  v.                   Civil No. 22-cv-018-LM

<u>Trustees of Dartmouth College</u>

**Public Access Findings**

**I. Background**

This motion hearing is taking place during the public health emergency caused by the COVID-19 outbreak. All parties to this proceeding, including the court, are appearing remotely via video. The court's protocols for this hearing are laid out in Standing Order 20-7 (March 23, 2020). I find that conducting this hearing via video—under the unique circumstances presented by the COVID-19 pandemic—is the best way to ensure the safety of the litigants, court personnel, and the public at large. All findings made in the court's prior standing orders are incorporated herein. <u>See</u> Standing Orders 21-9 (Mar. 10, 2021), 20-25 (July 24, 2020), 21-19 (May 26, 2021).[1]

Before convening this video hearing, I carefully considered the public's and press's First Amendment rights to in-person access to court proceedings. <u>See</u> <u>Bucci v. United States, 662 F.3d 18, 22 (1st Cir. 2011)</u> (citing <u>Waller v. Georgia, 467 U.S. 39, 48 (1984)</u>). This Order details my findings.

---

[1] This court's current Standing Orders regarding the COVID-19 outbreak can be found here: http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19 .

**II.     Partial Rather Than Total Closure**

I first find that this video-hearing constitutes a partial, rather than total, closure of these proceedings. I so find because the goals of public access will still be achieved: this proceeding is not being held in secret and the public, including members of the press, maintains the opportunity to observe this proceeding in real time. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593-97 (1980) (Brennan, J., concurring) (discussing the functions of public access to court proceedings, including ensuring that procedural rights are respected and that justice is afforded equally, maintaining public confidence in the administration of justice, promoting accurate fact-finding, and enabling the public to act as a check on judicial power); see also Bucci, 662 F.3d at 22 (discussing benefits of openness in criminal proceedings). Under the extraordinary circumstances presented by the continuing COVID-19 pandemic, the court finds this partial closure is necessary.

**III.    Findings in Support of Necessity for this Partial Closure**

   A. **First, the court finds that protecting the health and safety of the public and the parties to this proceeding from the spread of COVID-19 is a substantial interest that would be jeopardized and prejudiced if the court did not impose this partial closure.**

Since the first announced case in New Hampshire on March 2, 2020, the state has reported 301,181 confirmed cases of COVID-19.[2] So far, 2,447 deaths have been

---

[2] New Hampshire Department of Health and Human Services, COVID-19, https://www.nh.gov/covid19/ (last visited 9:00 a.m. March 29, 2022); Real Clear Politics, https://www.realclearpolitics.com/ (last visited 9:00 a.m. March 29, 2022).

attributed to the disease in this state.  Further, in New Hampshire over 4,561,312 total COVID-19 tests have been reported (both positive and negative test results), and community-based transmission has been confirmed.[3]  Nationally, the number of confirmed cases has grown to over 81,600,890 with 1,003,198 cases resulting in death.[4]

Given the contagious nature of the virus and the exponential growth in cases, COVID-19 presents an enormous danger to the health and safety of the public, including the litigants, security and court personnel involved in this proceeding. The court's interest in preventing the spread of COVID-19 and preserving the health of all hearing participants, including the public, is a weighty and substantial interest that would likely be prejudiced if the court were not to impose this partial closure.  See United States v. Smith, 426 F.3d 567, 572-73 (2d Cir. 2005) (finding that U.S. Marshal's policy after September 11th of requiring unknown visitors to court to produce photo identification constituted partial closure of courtroom that was justified by substantial interest of promoting security and preventing terrorism).

---

[3] New Hampshire Department of Health and Human Services, COVID-19, https://www.nh.gov/covid19/  (last visited 9:00 a.m. March 29, 2022); Real Clear Politics, https://www.realclearpolitics.com/  (last visited 9:00 a.m. March 29, 2022).

[4] Real Clear Politics, https://www.realclearpolitics.com/  (last visited 9:00 a.m. March 29, 2022).

**B. Second, I find that this partial closure of court proceedings is narrowly-tailored to protect public health and safety and is less restrictive than the court's current in-court hearing protocols.**

Allowing the public to observe these proceedings through videoconference allows an unlimited number of members of the public to observe the proceedings while, at the same time, protecting the health of all involved by limiting the potential exposure of the public, parties, and court staff to COVID-19.

Importantly, I find that, in light of the court's current restrictions on the number of people permitted in the courtroom, providing public video access is less restrictive than holding an in-person hearing which only a limited number of people can attend. Further, via video, even individuals who would have otherwise been prohibited from entering the courthouse—for example, people who have tested positive for COVID-19—now have access (even though virtual) to the proceedings. See Standing Order 21-14 (Apr. 8, 2021) (prohibiting certain individuals from entering the courthouse, including people diagnosed with or exposed to someone diagnosed with COVID-19). Providing the public access to this proceeding via video is the least restrictive means of protecting the substantial interest of public health and safety. See United States v. Alimehmeti, 284 F. Supp. 3d 477, 490 (S.D.N.Y. 2018) (granting partial closure of courtroom to protect identity of undercover agents: courtroom was closed to public during undercover agents' testimony but audio of testimony was live-streamed into different courtroom during partial closure and transcripts of testimony were made available to public promptly).

C. **Third, I have considered reasonable alternatives to this partial closure**.

On March 26, 2020, I conducted an in-person change of plea hearing in accordance with the court's protocols in place at that time. Between that date and July 15, 2020, the court held no in-court hearings due to the pandemic. Since these early dates of the pandemic, however, the court has held in-court hearings in criminal cases where a defendant is legally entitled to an in-court hearing and does not consent to a video hearing. The court has also held a limited number of jury trials in criminal cases under very strict protocols. Even still, the public safety concerns require the court limit the number of people permitted inside a courtroom at one time. For an in-court hearing, the court currently limits the number of individuals to a total of 15 people. See Standing Order 20-27 (July 24, 2020).

Where a litigant agrees to a hearing via video or telephone, the risks to public safety are nearly eliminated. Thus, in every instance during this pandemic that a hearing can occur via video or telephone (rather than in-person in the courtroom), I will proceed with either a video or telephone hearing to maximize public safety.

**IV. Conclusion**

In sum, the court finds that in this case a partial closure of court proceedings is necessary in that today's hearing will be conducted by video conference. This partial closure is justified by the substantial interest of protecting public health and safety from the spread of COVID-19 and is narrowly tailored to protect that

interest.  The public maintains the opportunity to observe these proceedings in full by video.

Any member of the public wishing to access this hearing remotely should contact the Clerk's Office (603-225-1423) in advance of the hearing to obtain the access information.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

Date: March 29, 2022

cc:     Counsel of Record.