UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>        v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>                    Defendant. | Civil Action No.: 22-CV-00018-LM |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY

Plaintiff John Doe ("Doe") submits this  memorandum of law in support of his motion to compel Defendant Trustees of Dartmouth College ("Dartmouth") to respond to certain interrogatories and requests for production.  Pursuant to Federal Rule of Civil Procedure 37(a)(1), the parties have conferred, over the phone and through written correspondence, in an attempt to resolve these issues in good faith.  Those efforts have not been successful.  Accordingly, Doe must ask the Court to intervene.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..."  Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The "party seeking information in discovery over an adversary's objection[,] has the burden of showing its relevance."  *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005).

## <u>ARGUMENT</u>

There are two types of interrogatories and requests for production to which Dartmouth has objected, which will be evaluated in turn.

**A. Dartmouth has objected to the production of the training materials used by the decisionmakers in Doe's Title IX proceeding.**

Doe served two interrogatories and one request for production pertaining to Dartmouth's Title IX training materials at the relevant time.   The discovery requests, with Dartmouth's objections, read in full:

> **Interrogatory No. 4:** Please identify all individuals or organizations that have provided training to Dartmouth or its employees, agents or students on sexual assault investigation procedures from January 2020 to the present and describe the context of the training.
>
> > **Response:** Dartmouth objects to this interrogatory on the grounds that the information requested is not relevant to any party's claims or defenses and proportional to the needs of the case.  There is no allegation of inadequate or improper training in the Complaint.
>
> **Interrogatory No. 5:** Please list the dates on which each of the following people received training or education about investigating or addressing allegations of violations of the SMP or the PRP and describe the content of the training: Michael J. Stackow, Katharine Strong,[1] Kristi Clemens, Holly Wilkinson, Renata Baptista and Duane Compton.
>
> > **Response:** Dartmouth objects to this interrogatory on the grounds that the information requested is not relevant to any party's claims or defenses and proportional to the needs of the case.  There is no allegation of inadequate or improper training in the Complaint.
>
> **Request for Production No. 21:** Produce all documents, communications and ESI concerning training of any Dartmouth agent or employee involved in the investigation, findings, sanctioning process and appeal process of the allegations made against John Doe by Sam Smith, and the allegations made against Sam Smith by John Doe concerning sexual assault and/or Title IX investigations from January 2020 through the present.
>
> > **Response:** Dartmouth objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and

---

[1] Katharine Strong is now Katharine Maguire, but will be referred to as Katharine Strong throughout for consistency.

proportional to the needs of the case.  There is no allegation of inadequate or improper training in the Complaint.

Contrary to these objections, the documents are relevant to Doe's claims and within Dartmouth's possession, custody, and control and are easily attainable.

These requests are indeed relevant to Doe's Title IX erroneous outcome claim and his breach of contract claim for failure to provide sufficient notice.  In those claims, Doe alleges that Dartmouth, through various actors, including Michael Stackow, Katharine Strong, the hearing panel generally, and Kristi Clemens, the Title IX Coordinator, reached the wrong outcome by incorrectly applying the preponderance of the evidence standard contrary to Title IX and Dartmouth's own policies, reached a finding of responsible inconsistent with the notice or, in the alternative, failed to provide notice consistent with its obligations under its own policies.  Whether and what training Dartmouth's employees and agents received, if any, on both Dartmouth's policies and Title IX investigations, is relevant to Doe's claims.  First, the training provided is relevant to establishing Dartmouth's standards and expectations for how its investigators and hearing panel members should apply Dartmouth's policies in the course of a Title IX investigation and whether those standards comport with Title IX.  Second, whether the six specific individuals involved in making decisions in Doe's case received adequate training is relevant to whether a factfinder would conclude that they applied the preponderance of the evidence standard correctly, whether they understood that a finding of responsible must be consistent with the allegations in the notice or whether they provided adequate notice.  If the training were out of date or out of compliance with Dartmouth policy or the Title IX regulations in effect at that time, that could increase the likelihood that a factfinder would conclude that they did not correctly apply the preponderance of the evidence standard or provide adequate notice.

This issue of training is particularly important in this matter because the investigation followed policies in effect at Dartmouth for less than one year.  Due to changes in federal law, Dartmouth had three Title IX policies in effect during portions of 2019 and 2020.  Dartmouth had a long-standing Title IX policy in effect prior to September 1, 2019.  Effective September 1, 2019, Dartmouth adopted a new Sexual and Gender-Based Misconduct Policy that applied to all faculty, students, and staff related to sexual and gender-based misconduct and an associated procedure for resolving reports against students.  Exhibit 1 (Clemens Tr.), 22-23, 25.  These policies remained in effect until August 14, 2020 when new policies were adopted in conformance with rules issued by the Department of Education.  Clemens Tr. 24-25.  During the underlying investigation in this matter, Dartmouth applied the 2019 policy in effect at the time of the alleged incident rather than the 2020 policy in effect at the time of the complaint.[2]  Clemens Tr. 25-26.  Thus, in a short time frame, Dartmouth officials were grappling with three policies: the pre-2019 policy, the 2019 policy that was applied in this matter; and the 2020 policy.  According to discovery to date, Dartmouth officials were trained on all three policies, but at deposition, Ms. Clemens and Ms. Strong were understandably unable to differentiate between the specific training they received on the 2019 and 2020 policies without the aid of the actual policy documents.

Kristi Clemens, the Title IX Coordinator, confirmed at deposition she engages in regular training.  Specifically, she stated that she took a "week-long course in the summer of 2020 for Title IX coordinators offered through D. Stafford & Associates."  Clemens Tr. 14.  She also took an "investigator's course through a Cornell certificate program."  *Id.*  She also described the annual training attended by both Michael Stackow and Katharine Strong in the Fall of 2020, which Cozen

---

[2] The initial notice to Doe stated that Dartmouth would apply the 2020 policy which provides more procedural protections to the responding student.  Dartmouth then issued an amended notice stating the 2019 policy would apply.  Even during the course of the investigation there was confusion regarding which policy would apply to the facts of this case.

O'Connor, Stackow's then-employer, provided to Dartmouth.[3]  *Id.* at 17.  She could not recall the details of the trainings but was clear that they included the importance of the notice and the application of the preponderance of the evidence standard, both of which are relevant to this case. *Id.* at 20.  She also stated that all investigators and panel members attended the training and was clear that the documents themselves would "demonstrate what training was provided in those sessions in September or October of 2020."[4]  *Id.*  Clemens made it clear that the answer was in the documents, the documents Dartmouth is refusing to provide.

Katharine Strong confirmed in her deposition that she attended the annual training in the Fall of 2020 and that there were written materials that went along with that training.  Exhibit 2 (Strong Tr.), 22-23.  Ms. Strong also stated that the trainings include how to apply the preponderance of the evidence standard and what constituted adequate notice.  *Id.* at 39-40, 78. Again, it is clear that the answer to these questions lies in the training materials, they are relevant to Doe's claims, and the materials must be produced.  Further, Katharine Strong represented in her affidavit in support of Dartmouth's objection to Doe's motion for preliminary injunction that "The Panel members all were formally trained in the handling of sexual misconduct hearings including how to serve as a panel member under Dartmouth policy."  Doc. no. 17-2 (Strong Aff.), ¶ 3.  It is relevant to Doe's claims what that formal training consisted of, especially if Dartmouth is relying on that training in support of its arguments that it applied the proper standards in Doe's case.

Further, Dartmouth's policy itself emphasizes that the people involved in each aspect of the Title IX investigation are trained.  *See, e.g.*, doc. no. 1-2 (Dartmouth's Process for Resolving

---

[3] Clemens later stated that she could not remember whether Stackow received the training in Fall 2020, which is also relevant to Doe's Claim.  Clemens Tr. 21.  Additionally, it is unclear whether the 2020 training included information on the 2019 policy.  Even if Stackow attended the 2020 training, it is possible he never received training on the 2019 policy which was used for this investigation.

[4] Clemens referred to the 2020 trainings in her answer but was clear that Title IX trainings occur on an annual basis. Relevant to this matter are the 2019 and 2020 trainings.  Clemens Tr. 17.

Reports Against Students), at 10 ("The Title IX office will appoint one or more **trained** investigators to conduct a prompt, fair and impartial investigation.") (emphasis added); *id.* at 16-17 (stating that each Title IX Hearing Panel consists of the Director of Judicial Affairs, the Dean responsible for student affairs at the student's school; and "a **trained** staff member") (emphasis added); *see also* doc. no. 42 (Order on Motion to Dismiss), at 6, 8, & 28 (referencing each of those provisions).

Finally, the training materials were published on Dartmouth's website while they were in effect.  Clemens Tr. 19.  Dartmouth does not argue they are confidential and proprietary, nor could it, given that they were once "publicly available."  *Id.*

The 2019 and 2020 training received by the individuals involved in the administration of Doe's case is relevant and important to the present matter and the Court should compel Dartmouth to respond Interrogatories Nos. 4 and 5 and Request for Production No. 21.

**B. Dartmouth has objected to producing relevant Title IX materials from prior matters in which the statements of an intoxicated female student were at least partially credited.**

Doe has requested, pursuant to his erroneous outcome claim, materials from prior Dartmouth Title IX investigations in which an intoxicated female's testimony was credited.  The discovery requests and Dartmouth's objections read in full:

> **Interrogatory No. 8:** Please identify any prior Dartmouth Title IX investigations in which Dartmouth has credited intoxicated cisgender female students alleging sexual assault against cisgender male students when the female students could not remember specific details of the alleged assault either at all or at least could not remember details of the alleged events in a linear fashion in similar circumstances, including the outcome.

> **Response:** There are no such cases.

> **Request for Production No. 15:** Produce all documents, communications and ESI concerning any prior Dartmouth Title IX investigations in which Dartmouth has credited intoxicated cisgender female students alleging sexual assault against

cisgender male students when the female student could not remember specific details of the alleged assault either at all or at least could not remember details of the alleged events in a linear fashion in similar circumstances.

**Response:** Dartmouth has no documents responsive to this request.

In response to Dartmouth's contention that no such cases existed, Doe stated that he had learned of at least one matter through a friend, *Doe v. Trustees of Dartmouth College*, No. 21-cv-85-JD, which includes allegations of an intoxicated female student being credited over the testimony of a sober male student. *See* Exhibit 3 (Doe's Meet and Confer Letter dated January 18, 2023). Doe also clarified that, despite the length of the two requests, he was seeking information on prior Dartmouth Title IX investigations in which a female student who was intoxicated was nonetheless found credible by the investigator and/or the panel. Consumption of alcohol is a common denominator in many Title IX fact patterns involving allegations of sexual assault. Therefore, it is difficult to believe that Dartmouth is unaware of any prior Title IX investigation in which an intoxicated female student was found credible by the investigator and/or panel.

Despite that clarification, Dartmouth continued to push back reading "in similar circumstances" as narrowly as possible, stating:

> The relevant circumstances of this case are that a male student (Smith) accused another male student (Doe) of sexual assault; the respondent (Doe) conceded that the sexual acts at issue occurred (Doe performed oral sex on Smith); but the respondent (Doe) offered a defense that the complainant (Smith) initiated the sexual encounter and the respondent (Doe) engaged in the sexual encounter only because he was incapacitated by his own consumption of alcohol. The respondent (Doe) also asserts that the outcome of the case turned on his inability to recall the events at issue with specificity or in a linear fashion.

Exhibit 4 (Dartmouth's Meet and Confer Letter dated January 23, 2023). Doe objected to Dartmouth's characterization of "similar circumstances", highlighting the Court's clear understanding from the Order on the Motion to Dismiss that Doe's "upon information and belief" allegation that "Dartmouth has credited intoxicated females students alleging sexual assault against

male students 'when the female student could not remember specific details of the alleged sexual assault either at all or at least could not remember details of the alleged events in a linear fashion in similar circumstances,'" was enough to state a claim that Dartmouth's finding that Doe lacked credibility was discriminatory in violation of Title IX.  Doc. no. 42 (Order on Motion to Dismiss), at 18-19.  In "similar circumstances" clearly does not mean the exact same thing that happened here but with a woman; it means an intoxicated female student, participating as a complaining or responding party in a Dartmouth Title IX investigation, was found credible despite her inability to remember specific details linearly.

Nevertheless, Doe agreed to Dartmouth's suggestion to reformulate the requests.  In Doe's second meet and confer letter, attached as Exhibit 5, Doe reformulated the requests as follows:

> **Interrogatory No. 8:** Please identify any prior Dartmouth Title IX investigation in which Dartmouth has at least partially credited the account of an intoxicated female student.

> **Request for Production No. 15:** Produce all documents, communications and ESI concerning any prior Dartmouth Title IX investigations in which Dartmouth has at least partially credited the account of an intoxicated female student.

Exhibit 5 (Doe's Second Meet and Confer Letter dated January 27, 2023), at 3.  In support of the reformulation, Doe cited to the Court's Order denying Dartmouth's motion to dismiss based on the "possibility of gender discrimination in how the school assesses the credibility of intoxicated students of various genders."  Doc. no. 42, at 19.  Doe's simplification of the requests reflects the Court's (and Doe's) understanding of Doe's Title IX erroneous outcome claim.

Doe also cited two additional cases that were produced in discovery (on different grounds) that support his belief that there are matters that fit this criterion.  *See* Exhibit 5, at 3.  Doe has at least three examples of Title IX investigations responsive to these requests.  These, and the presumably other investigations, along with the Court's broad construction of Doe's erroneous

outcome claim, demonstrate that there are responsive documents to Doe's requests and that they are relevant to the matter at hand.  Nevertheless, Dartmouth doubled down and again is requiring that the exact same facts and circumstances, with a female student, to have occurred to have a case with "similar circumstances."  *See* Exhibit 6 (Dartmouth's Meet and Confer Letter dated February 8, 2023).  That is an unreasonable expectation and does not comport with what Doe has alleged.

Dartmouth attempted to even narrow the request further, stating that for "the case truly to involve 'similar circumstances,' it also would be on in which (7) Stackow was the fact-finder and/or (8) one or more of the hearing panelists in this case was charged with determining whether Stackow (or another investigator) properly applied the preponderance of evidence standard." Exhibit 6, at 3.  In Katharine Strong's affidavit in support of Dartmouth's objection to Doe's motion for preliminary injunction, she identified nine cases in which one or more members of Doe's Hearing Panel had served on the hearing panel.  *See* doc. no. 17-2 (Strong Aff.), ¶ 15.  Per Dartmouth's own criteria, those cases need to be evaluated for whether an intoxicated female student was credited by the Panel.

For the foregoing reasons, the Court should find that Doe's requests are relevant to his claims and should compel Dartmouth to produce the relevant documents and respond to Doe's interrogatory.

## **CONCLUSION**

For the reasons set forth in this motion, Doe has tried to resolve this matter in good faith through meet and confer, but Dartmouth has continued to construe Doe's requests and claims as narrowly as possible in order to avoid producing relevant documents responsive to these requests. Accordingly, Doe asks this Court to find that these interrogatories and requests for production are relevant and compel Dartmouth to respond to these requests in good faith.

Date: March 1, 2023                               Respectfully submitted,

                                                  /s/ *William E. Christie*
                                                  William E. Christie (NH Bar #11255)
                                                  S. Amy Spencer (NH Bar #266617)
                                                  Olivia F. Bensinger (NH Bar #274145)
                                                  SHAHEEN & GORDON, P.A.
                                                  107 Storrs Street
                                                  Concord, NH 03302
                                                  (603) 225-7262
                                                  wchristie@shaheengordon.com
                                                  saspencer@shaheengordon.com
                                                  obensinger@shaheengordon.com


                                                  *Attorneys for plaintiff John Doe*


## CERTIFICATE OF SERVICE

       I, William E. Christie, hereby certify that a copy of the foregoing document, filed through
the CM/ECF system, will be served conventionally on all parties or their counsel.

                                                  /s/ *William E. Christie*
                                                  William E. Christie