UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff<br><br>     v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>            Defendant | Civil Action No:  1:22-cv-00018-LM |

**DEFENDANT'S PRETRIAL STATEMENT**

**I.     Agreed, Brief Statement of the Case**

The plaintiff in this case is proceeding under the pseudonym John Doe.[1]  John Doe was a student at Dartmouth College's Geisel School of Medicine.  Dartmouth is the defendant in this case.

This case arises from an incident that occurred in July 2020, during Doe's fourth year of medical school.  The incident occurred in an off-campus apartment where Doe lived with a friend and fellow medical student, referred to in this case by the pseudonym Sam Smith.

The incident occurred on a night in July 2020, after Doe and Smith were drinking together in their apartment.  They watched a movie together and both fell asleep on the sofa.  Subsequently, Doe performed oral sex on Smith.  According to Smith, the oral sex occurred while Smith was asleep and he was, therefore, unable to consent.  According to Doe, Smith initiated the oral sex when Doe was incapacitated by alcohol and, therefore, could not consent.  Subsequently, Doe took a leave of absence from medical school.

---

[1] The parties request that the Court continue to allow the use of pseudonyms for John Doe, Sam Smith, and any other Dartmouth students, so as to protect the identity of students, including Smith, who did not bring this lawsuit and whose privacy interests outweigh any public interest in the disclosure of their identities.  *See Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022); *In re Boston Herald, Inc.*, 321 F.3d 174, 191 (1st Cir. 2003); *United States v. Miami Univ.*, 294 F.3d 797, 818 & n.24 (6th Cir. 2002); *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983); *Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

In the spring of 2021, Smith contacted Dartmouth's Title IX Office to discuss the possibility of making a complaint of sexual assault against Doe. Title IX is a federal statute that prohibits sex-based discrimination at educational institutions, like Dartmouth, that receive federal funding. Title IX requires all such educational institutions to have a Title IX Coordinator; to adopt policies prohibiting sexual harassment including sexual assault; and to adopt procedures for addressing complaints of sexual harassment including sexual assault.

Smith asked Dartmouth's Title IX Coordinator when Doe might return to school from his leave of absence. Smith was concerned that Doe might return before Smith graduated. The Title IX Coordinator conferred with the medical school's registrar and learned that the registrar listed Doe as having a tentative return date of April 2022, though Doe contends he was not planning to return prior to Smith's graduation. The Title IX Coordinator shared that tentative return date with Smith.

Approximately two weeks later, in late April 2021, Smith filed a complaint with Dartmouth's Title IX Office, formally accusing Doe of violating Dartmouth's sexual misconduct policy. Smith alleged that Doe sexually assaulted him by performing oral sex on him while he was asleep.

Dartmouth's Title IX office hired an external investigator – an attorney named Michael Stackow – to investigate Smith's complaint and determine whether a preponderance of the evidence supported a finding that Doe violated the sexual misconduct policy. The Title IX office issued a formal notice of investigation to Doe and Smith. The notice included Smith's allegation that Doe sexually assaulted Smith by performing oral sex on Smith while Smith was asleep.

During the investigation, which included interviews of both Smith and Doe, Doe told the investigator that he was the victim of sexual assault by Smith. Doe alleged that Smith initiated

2

the events at issue, which led Doe to perform oral sex on Smith when Doe was incapacitated by alcohol. Doe's complaint against Smith was investigated in conjunction with Smith's complaint against Doe.

Following the investigation into both students' claims, the investigator found that Doe was responsible for violating Dartmouth's sexual misconduct policy when Doe performed oral sex on Smith. The investigator also found that Smith did not violate the sexual misconduct policy; the investigator found that Smith did not initiate the oral sex and that Doe was not incapacitated by alcohol when he performed the oral sex on Smith.

The case then went to a hearing before a Hearing Panel of three Dartmouth administrators. During the hearing, each party is allowed to propose questions to be asked by the Hearing Panel. Doe asked the Hearing Panel to ask the investigator where in his final report he made a finding that the oral sex occurred while Smith was asleep. Doe contends that Hearing Panel failed to ask that question. Dartmouth contends that the Hearing Panel did ask the investigator that question through a series of questions about his report and his findings.

The Hearing Panel's role was to determine two things: first, whether the investigator properly applied the preponderance of evidence standard in making his findings, and second, whether there was any material procedural error in the case that substantially impacted the outcome. The Hearing Panel found no such error and found that the investigator properly applied the preponderance of evidence standard. Accordingly, the Hearing Panel upheld the investigator's findings. The Panel decided that the appropriate sanction for Doe's violation of the sexual misconduct policy was Doe's expulsion from the medical school.

Doe filed an appeal with the Dean of the medical school, which the Dean denied.

Doe subsequently filed this lawsuit against Dartmouth, in which Doe makes the

following claims:

First, Doe claims that Dartmouth found him responsible for violating its sexual misconduct policy because it was biased against him based on his sex including sex stereotypes. Doe claims that by finding him responsible because of this alleged bias, Dartmouth discriminated against him in violation of Title IX. Dartmouth denies that any such bias or discrimination existed in relation to Doe's case.

Second, Doe claims that Dartmouth breached its contractual obligations to him by discriminating against him based on his sex including sex stereotypes in violation of its policies and procedures.

Third, Doe claims that Dartmouth breached its contractual obligations to him by finding him responsible for specific sexual misconduct that was different from what was alleged in the notice of investigation: Doe claims that the investigator found him responsible for performing oral sex on Smith while Smith was awake, when the notice of investigation alleged that the oral sex occurred while Smith was asleep. Dartmouth denies that there was any inconsistency between the notice and the finding and denies that any alleged inconsistency affected the outcome of Doe's case in any event.

Fourth, Doe alleges that Dartmouth breached a contractual obligation to him by disclosing to Smith the date by which Doe might return to school from his leave of absence. Doe claims that the Title IX Coordinator's disclosure of this information violated the medical school's policy on student record information; the disclosure caused Smith to file his sexual assault complaint against Doe; and that complaint led to Doe's expulsion. Dartmouth denies that disclosing Doe's anticipated return date to Smith violated any contractual obligation to Doe and contends that Smith would have filed his complaint against Doe regardless of the disclosure.

Dartmouth also asserts that Doe's breach of contract in violating Dartmouth's sexual misconduct policy was a material breach that forecloses any claim that Doe was harmed by Dartmouth's disclosure to Smith about the potential timing of Doe's return from leave.

Finally, Doe claims that he has suffered harm because of Dartmouth's alleged discrimination and alleged breaches of contract. Dartmouth denies that any harm Doe has suffered was caused by Dartmouth.

## II.   Trial Witnesses

Dartmouth expects that it will call the following witnesses at trial:

1. Kristi Clemens
2. Katharine R. Maguire
3. Michael Stackow
4. Michele W. Jaeger

If the need arises, Dartmouth may also call the following witnesses:

5. John Doe
6. Sam Smith
7. Holly Wilkinson
8. Duane A. Compton, PhD
9. John Dick, MD
10. Ellen Coogan
11. Tamara Chase
12. Nancy Sheahan
13. Sara Hellstedt
14. Kai McGintee
15. Amber Attala
16. Abigail Green Goldman

       17. Jennifer Shea Moeckel

       18. Elizabeth Sanghavi

       19. Adam Logan

       20. Kate Upatham

**III.**   **Waiver of Claims or Defenses**

    None.

**IV.**   **Deposition Designations**

    None.

**V.**   **Trial Exhibits**

See <u>Exhibit A</u>, attached. With the Court's permission, all exhibits will be redacted with respect to student names and other, non-material information that could be used to identify students. Real names will be replaced with pseudonyms as appropriate.

**VI.**   **JERS**

The parties have conferred and assent to the jury's use of JERS during deliberations.

**VII.**   **Itemized Statement of Special Damages**

    Not applicable.

**VIII.**   **Latest Demand and Offer and ADR Efforts**

Doe's position is that any resolution of the case must include Dartmouth's agreement to vacate Doe's sexual misconduct finding and expulsion, which Dartmouth is unwilling to do. The parties accordingly have not engaged in any further settlement discussions or ADR efforts.

**IX.**   **Attorneys' Fees**

    Not applicable to Dartmouth.

**X.**   **Request for View**

    None.

XI. **Estimated Length of Trial**

    Ten days.

|  |  |
|---|---|
|  | TRUSTEES OF DARTMOUTH COLLEGE, |
|  | /s/Elizabeth H. Kelly |
|  | Daryl J. Lapp (BBO No. 554980) |
|  |    daryl.lapp@lockelord.com |
|  | Elizabeth H. Kelly (BBO No. 672277) |
|  |    liz.kelly@lockelord.com |
|  | LOCKE LORD LLP |
|  | 111 Huntington Avenue |
|  | Boston, MA 02199 |
| January 24, 2024 | 617.230.0100 |

## Certificate of Service

    I certify that on January 24, 2024, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                                /s/ Elizabeth H. Kelly
                                                Elizabeth H. Kelly

135308962v.6