UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff<br><br>  v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>        Defendant | Civil Action No: 1:22-cv-00018-LM |

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

Defendant Trustees of Dartmouth College requests that the Court instruct the jury to answer the following special verdict questions, if and to the extent the Court determines that the claims addressed herein should be submitted to the jury. Dartmouth this proposed verdict form without waiving any of its arguments for judgment as a matter of law.

                                                TRUSTEES OF DARTMOUTH COLLEGE,

                                                /s/Elizabeth H. Kelly_____
                                                Daryl J. Lapp (admitted pro hac vice)
                                                Elizabeth H. Kelly (N.H. Bar No. 276459)
                                                LOCKE LORD LLP
                                                111 Huntington Avenue
                                                Boston, MA 02199
                                                (617) 239-0100 telephone
                                                daryl.lapp@lockelord.com
                                                liz.kelly@lockelord.com

January 24, 2024

## Certificate of Service

I certify that on January 24, 2024, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                      /s/ Elizabeth H. Kelly
                                      Elizabeth H. Kelly

## Part I:  Sex Discrimination

### Question 1

Has John Doe proven by a preponderance of the evidence that (a) the investigator Michael Stackow intentionally discriminated against Doe on the basis of Doe's sex and (b) Stackow would not have found Doe responsible for violating Dartmouth's Sexual Misconduct Policy but for this intentional discrimination?

      ___ Yes      ___ No

    If you answered this question "Yes," then go to Question 2.
    If you answered this question "No," then go to Question 3.

### Question 2

Has John Doe proven by a preponderance of the evidence that one or more persons at Dartmouth with authority to address discrimination (a) had actual knowledge that in finding Doe responsible for sexual misconduct, Stackow intentionally discriminated against Doe based on Doe's sex, and (b) were deliberately indifferent to that discrimination by failing to respond to the discrimination at all or responding in ways that were clearly unreasonable under the circumstances?

      ___ Yes      ___ No

    Go to Question 3.

## Part II: Breach of Contract - Notice

### Question 3

Has John Doe proven by a preponderance of the evidence that Stackow found Doe performed oral sex on Sam Smith only when Smith was awake?

      ___ Yes      ___ No

    If you answered this question "Yes," then go Question 4.
    If you answered this question "No," then go to Question 5.

### Question 4

Has John Doe proven by a preponderance of the evidence that but for the alleged difference between the allegation in the notice of investigation and Stackow's finding, Doe would have been found not responsible for sexual assault?

      ___ Yes      ___ No

    Go to Question 5.

## Part III: Breach of Contract – Geisel Student Records Policy

**Question 5**

Has John Doe proven by a preponderance of the evidence that the Geisel Student Education Record Policy formed a contract between Doe and Dartmouth, which was supported by an offer, acceptance, consideration, and a meeting of the minds?

  ___ Yes  ___ No

  If you answered this question "Yes," then go to Question 6.
  If you answered this question "No," then go to Question 10.

**Question 6**

Has John Doe proven by a preponderance of the evidence that Dartmouth breached the Geisel Student Education Record Policy when it disclosed Doe's anticipated date of return from leave to Smith, because that information did not constitute Doe's "enrollment status" or "dates of attendance" as those terms are used in the Policy?

  ___ Yes  ___ No

  If you answered this question "Yes," then go to Question 7.
  If you answered this question "No," then go to Question 10.

**Question 7**

Has John Doe proven by a preponderance of the evidence that Dartmouth's disclosure of his anticipated return date to Smith caused the harm for which Doe seeks recovery?

  ___ Yes  ___ No

  If you answered this question "Yes," then go to Question 8.
  If you answered this question "No," then go to Question 10.

**Question 8**

Has Dartmouth proven by a preponderance of the evidence that Doe materially breached his contractual relationship with Dartmouth in violating the Sexual Misconduct Policy, such that Dartmouth was excused from performing any contractual obligations to Doe under the Geisel Student Education Record Policy?

  ___ Yes  ___ No

  If you answered this question Yes, go to Question 10.
  If you answered this question No, go to Question 9.

**Question 9**

Has Doe proven by a preponderance of the evidence that the damages Doe claims in this case were reasonably foreseeable to Dartmouth when a contract with respect to the Geisel Student Education Record Policy was formed?

    \_\_\_ Yes      \_\_\_ No

Go to Question 10.

## Part IV:  Damages

**Question 10**

Answer this question only if:
- you answered "Yes" to Question 1; or
- you answered "Yes" to Question 2; or
- you answered "Yes" to both Questions 3 and 4; or
- you answered "Yes" to Questions 5, 6, 7, and 9 and no to Question 8.

What amount of money has Doe proven by a preponderance of the evidence is necessary to reasonably compensate him for the economic harm he has sustained because of Dartmouth's discrimination and/or breach of contract?  Please state your answer in both words and numbers.

$_____

_____ dollars

Your deliberations are complete.  The Jury Foreperson should sign and date this verdict form and notify the Court Officer that the jury has reached a verdict.

Jury Foreperson: _____

Date: _____

135963907v.4