UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff<br><br>v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>   Defendant | Civil Action No: 1:22-cv-00018-LM |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Trustees of Dartmouth College files this notice of supplemental authority to inform the Court about a February 6, 2024 decision from the United States District Court for the District of Massachusetts, in *Sonoiki v. Harvard University*, Dkt. No. 186, CA No. 1:19-cv-12172-LTS (Feb. 6, 2014), attached hereto as <u>Exhibit A</u>.

The *Sonoiki* decision is relevant additional authority supporting Defendant's Motion for Summary Judgment on Plaintiff's breach of contract claims and in opposition to Plaintiff's Motion for Partial Summary Judgment. The *Sonoiki* decision is relevant to these two issues:

First, among other arguments, Dartmouth has asserted that Doe's contract claim in Count II fails as a matter of law because he has failed to adduce evidence of harm caused by Dartmouth's alleged breach of contract. With respect to Doe's "notice" claim of breach, Dartmouth argues that Doe cannot show the outcome of his disciplinary case would have been different had he received a different notice of investigation; Doe admittedly is unable even to "speculate" how he would have presented his case any differently if faced with a different notice. Dkt. No. 61-1 at 20-22.

Second, with respect to Doe's "FERPA" claim, Dartmouth contends that Doe cannot show his alleged harm was caused by Dartmouth's alleged breach of the Geisel Records Policy

1

absent evidence from which a jury could infer that Smith would not have filed his complaint against Doe in the event Ms. Clemens told Smith she could not answer his question about when Doe might return to school; the only logical inference is to the contrary.  Dkt. No. 67 at 23-24.

The *Sonoiki* case is directly analogous to this one, in that it involves breach of contract claims by a university student found responsible for sexual misconduct.  The decision in *Sonoiki* affirms that a student plaintiff asserting such contract claims has the burden at summary judgment to bring forward specific evidence of harm resulting from the university's alleged breach.  *Sonoiki*, Dkt. No. 186 at 21 (citing *Doe v. Williams Coll.*, No. 20-30024, 2022 WL 4099273, at *16 (D. Mass. Sept. 7, 2022); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 335 (D.R.I. 2016); *Cloud v. Trs. of Bos. Univ.*, 720 F.2d 721, 726 (1st Cir. 1983)).  As in this case, the plaintiff in *Sonoiki* testified that he could not "speculate" how the outcome in his case would have differed absent the alleged procedural errors, *id.* at 32, and the university was entitled to summary judgment as a result.

TRUSTEES OF DARTMOUTH COLLEGE,

/s/Elizabeth H. Kelly
Daryl J. Lapp (admitted pro hac vice)
Elizabeth H. Kelly (N.H. Bar No. 276459)
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100 telephone
(617) 227-4420 facsimile
daryl.lapp@lockelord.com
liz.kelly@lockelord.com

February 8, 2024

**Certificate of Service**

    I certify that on February 8, 2024, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                      /s/ Elizabeth H. Kelly
                                      Elizabeth H. Kelly